ROSEMARY TAFT MILBY
GEORGE R. HICKS, JR.
MICHAEL F. SCHMITZ
WELTMAN WEINBERG & REIS CO LPA
323 W Lakeside Avenue, Suite 200
Cleveland , OH 44113
Fax: 216-685-4345
Telephone:  216-685-1169
Email: rtaftmilby@weltman.com
Telephone:  216-685-1108
Email: ghicks@weltman.com
Telephone:  216-685-1106
Email: mschmitz@weltman.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA (PHOENIX DIVISION)

| | |
|---|---|
| COMMONWEALTH CAPITAL CORPORATION, | Case No. 2:09-cv-00274-JWS |
| Plaintiff, | JUDGE JOHN W SEDWICK |
| v. | |
| CITY OF TEMPE; MOBILEPRO CORPORATION; and NEOREACH, INC., | |
| Defendants. | |

CITY OF TEMPE,

    Counter-Claimant,

v.

COMMONWEALTH CAPITAL CORPORATION,

    Counter-Defendant.

## PLAINTIFF/COUNTER-DEFENDANT COMMONWEALTH CAPITAL CORPORATION'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Now comes the Plaintiff/Counter-Defendant Commonwealth Capital Corporation (hereinafter "CCC"), by and through counsel, and for its Statement of Material Facts in Support of its Motion for Partial Summary Judgment as to Count Three of its Complaint and as to Count III of the Counterclaim of Defendant/Counter-Claimant City of Tempe (hereinafter "Tempe"), states as follows:

1.    From 2005 to 2006, MobilePro Corp. (hereinafter "MobilePro") and and its wholly owned subsidiary NeoReach, Inc. (hereinafter "NeoReach")

purchased certain WiFi Equipment[1] from Connectronics and Pronto Networks, Inc. (hereinafter "Pronto").[2]

2. Authentic duplicates of the Invoices for the purchase of the subject WiFi Equipment by MobilePro and NeoReach from Connectronics and Pronto are attached to the Affidavit of Henry Abbott as Exhibit 1-A.[3]

3. The vast majority of WiFi Equipment was ordered by MobilePro and NeoReach, and invoiced by Connectronics and Pronto, after August 18, 2005.[4]

4. Most, if not all of the WiFi Equipment was delivered by Connectronics and Pronto, and paid for by MobilePro and NeoReach, after August 18, 2005.[5]

---

[1] When used in this Statement of Facts, and the corresponding Motion for Partial Summary Judgment, Memorandum of Law, and supporting Affidavit of Henry Abbott, President of CCC, which said affidavit is attached hereto as Exhibit 1, "WiFi Equipment" refers to the specifically identified WiFi Equipment listed in the Equipment Schedules Nos. 1, 2, 3 and 6 to the Lease Agreement. Authentic duplicates of the Equipment Schedules Nos. 1, 2, 3 and 6 are attached to the Affidavit of Henry Abbott as Exhibit 1-I. See Affidavit of Henry Abbott, at paragraphs 40 and 41.

[2] Affidavit of Henry Abbott, at paragraph 5.

[3] Affidavit of Henry Abbott, President of CCC, at paragraph 6.

[4] Affidavit of Henry Abbott, President of CCC, at paragraph 7.

[5] Affidavit of Henry Abbott, President of CCC, at paragraph 8.

5.  On June 28, 2006, JTA Leasing Co., LLC (hereinafter "JTA") and NeoReach entered into a Bill of Sale, under which JTA purchased the subject WiFi Equipment from NeoReach for $500,000.00, as part of a sale lease back transaction.[6]

6.  An authentic duplicate of the Bill of Sale is attached to the Affidavit of Henry Abbott as Exhibit 1-B.[7]

7.  As part of the Bill of Sale, NeoReach warranted to JTA that it was the lawful owner of the Wi-Fi Equipment, that it had a good and lawful right to sell the WiFi Equipment, and that it had title to the WiFi Equipment free from any charge or encumbrance whatsoever.[8]

8.  On or about June 28, 2006 JTA entered into a Master Lease Agreement (hereinafter "Lease Agreement") with MobilePro Corp and NeoReach.[9]

9.  An authentic duplicate of the Lease Agreement is attached to the Affidavit of Henry Abbott as Exhibit 1-C.[10]

---

[6] Affidavit of Henry Abbott, President of CCC, at paragraph 9.

[7] Affidavit of Henry Abbott, President of CCC, at paragraph 10.

[8] Affidavit of Henry Abbott, President of CCC, at paragraph 11.

[9] Affidavit of Henry Abbott, President of CCC, at paragraph 12.

[10] Affidavit of Henry Abbott, President of CCC, at paragraph 13.

10. Under the Lease Agreement, MobilePro and NeoReach agreed to lease certain Wi-Fi Equipment from JTA. See Exhibit 1-C, at paragraph 1.[11]

11. Under the Lease Agreement, it was the understanding of MobilePro, NeoReach and JTA that the WiFi Equipment would remain separate identifiable personal property of JTA, and that it would not be used, stored, or maintained in such a manner or under such circumstances that any other entity might acquire any rights or ownership in such equipment. See Exhibit 1-C, at paragraph 7(a).[12]

12. Under the Lease Agreement, MobilePro and NeoReach agreed to keep the Wi-Fi Equipment free and clear of all superior liens and encumbrances. See Exhibit 1-C, at paragraph 7(b).[13]

13. Under the Lease Agreement, MobilePro and NeoReach agreed and warranted to promptly execute and deliver to JTA standard form UCC-1 financing statements. See Exhibit 1-C, at paragraph 10(a).[14]

14. Under the Lease Agreement, MobilePro, NeoReach and JTA agreed that, upon default by MobilePro and/or NeoReach, JTA could take possession of any and all WiFi Equipment wherever situated, enter upon any premises without

---

[11] Affidavit of Henry Abbott, President of CCC, at paragraph 14.

[12] Affidavit of Henry Abbott, President of CCC, at paragraph 15.

[13] Affidavit of Henry Abbott, President of CCC, at paragraph 16.

[14] Affidavit of Henry Abbott, President of CCC, at paragraph 17.

liability for so doing, and sell, dispose of, hold, use or lease said Equipment at its sole discretion. See Exhibit 1-C, at paragraph 15(a).[15]

15. On or about July 5, 2006 JTA entered into an Agreement of Sale and Assignment (hereinafter "Assignment Agreement") with CCC.[16]

16. An authentic duplicate of the Assignment Agreement is attached to the Affidavit of Henry Abbott as Exhibit 1-D.[17]

17. Under the Assignment Agreement, JTA sold the subject Wi-Fi Equipment to CCC, and otherwise assigned to CCC its rights under the Lease Agreement. See Exhibit 1-D, at paragraphs 1, 5 and 6.[18]

18. Under the Assignment Agreement, it was the understanding of JTA and CCC that title of the Wi-Fi Equipment would be free and clear of all liens, leases, claims and encumbrances of any kind, except for the rights of MobilePro and NeoReach under the Lease Agreement. See Exhibit 1-D, at paragraph 4.[19]

19. Under the Assignment Agreement, JTA represented and warranted that it owned the Wi-Fi Equipment, and had good and marketable title to said

---

[15] Affidavit of Henry Abbott, President of CCC, at paragraph 18.

[16] Affidavit of Henry Abbott, President of CCC, at paragraph 19.

[17] Affidavit of Henry Abbott, President of CCC, at paragraph 20.

[18] Affidavit of Henry Abbott, President of CCC, at paragraph 21.

[19] Affidavit of Henry Abbott, President of CCC, at paragraph 22.

Equipment free and clear of any and all leases, liens, claims and encumbrances. See Exhibit 1-D, at paragraph 7.1.1.[20]

20. On September 7, 2006, CCC filed UCC Financing Statements covering the Wi-Fi Equipment.[21]

21. Authentic duplicates of the Financing Statements are attached to the Affidavit of Henry Abbott as Exhibit 1-E.[22]

22. The UCC Financing Statements evidence CCC's first and best ownership interest in the Wi-Fi Equipment, which was leased back to MobilePro and NeoReach. See Exhibit 1-E.[23]

23. On September 25, 2007 MobilePro was notified by letter of default on the Lease Agreement.[24]

24. An authentic duplicate of the Seprtember 25, 2007 default letter is attached to the Affidavit of Henry Abbott as Exhibit 1-F.[25]

---

[20] Affidavit of Henry Abbott, President of CCC, at paragraph 23.

[21] Affidavit of Henry Abbott, President of CCC, at paragraph 24.

[22] Affidavit of Henry Abbott, President of CCC, at paragraph 25.

[23] Affidavit of Henry Abbott, President of CCC, at paragraph 26.

[24] Affidavit of Henry Abbott, President of CCC, at paragraph 27.

[25] Affidavit of Henry Abbott, President of CCC, at paragraph 28.

25. An unpaid balance of $904,620.00 remains due and owing to CCC by MobilePro and NeoReach under the Lease Agreement.[26]

26. An authentic duplicate of the Statement of Account is attached to the Affidavit of Henry Abbott as Exhibit 1-H.[27]

27. On October 28, 2008, Andrew Ching, as City Attorney of Tempe, sent a correspondence (hereinafter "Correspondence") to Richard Devlin, as Vice President and General Counsel of CCC.[28]

28. An authentic duplicate of the above-referenced correspondence is attached is attached to the Affidavit of Henry Abbott as Exhibit 1-G.[29]

29. In the Correspondence, Tempe acknowledges that the Wi-Fi Equipment was owned by CCC, and demanded that CCC "either needs to remove its equipment immediately or pay rental fees and electricity charges for them." See Exhibit 1-G.[30]

---

[26] Affidavit of Henry Abbott, President of CCC, at paragraph 29.

[27] Affidavit of Henry Abbott, President of CCC, at paragraph 39.

[28] Affidavit of Henry Abbott, President of CCC, at paragraph 30.

[29] Affidavit of Henry Abbott, President of CCC, at paragraph 31.

[30] Affidavit of Henry Abbott, President of CCC, at paragraph 32.

30. Within the timeframe demanded by Tempe, CCC responded by contacting Tempe to arrange for the removal of the Wi-Fi Equipment, but Tempe refused to permit CCC to remove said Equipment.[31]

31. CCC held MobilePro assets in two private funds (Commonwealth Income & Growth Private Fund I, LLC and Commonwealth Income & Growth Private Fund II, LLC) and one publicly registered fund (Commonwealth Income & Growth Fund V, LP).[32]

32. For all three of the above-mentioned funds, CCC used the performance and portfolios of these funds as a basis for new investors to evaluate CCC's track record of asset management when purchasing shares in other funds offered by CCC.[33]

33. CCC used the City's acknowledgement of CCC's ownership of the WiFi Equipment in its evaluation and reporting of all three of the above-mentioned funds.[34]

34. CCC made certain decisions, including representations to investors, and otherwise changed its position as it relates to all three of the above-mentioned

---

[31] Affidavit of Henry Abbott, President of CCC, at paragraph 33.

[32] Affidavit of Henry Abbott, President of CCC, at paragraph 34.

[33] Affidavit of Henry Abbott, President of CCC, at paragraph 35.

[34] Affidavit of Henry Abbott, President of CCC, at paragraph 36.

funds based on the City's acknowledgement of CCC's ownership of the WiFi Equipment.[35]

\* \* \*

WHEREFORE, based on the foregoing undisputed material facts, Plaintiff/Counter-Defendant Commonwealth Capital Corporation prays for partial summary judgment on Count Three of its Complaint, and an Order of Possession allowing CCC to replevin the WiFi Equipment. For the same reasons, CCC is entitled to partial summary judgment on Count III of Defendant/Counter-Claimant City of Tempe's Counterclaim, in which Tempe seeks declaratory judgment as to the ownership of the WiFi Equipment.

Respectfully submitted,

/s/ George R. Hicks, Jr.
GEORGE R. HICKS, JR.
ROSEMARY TAFT MILBY
MICHAEL F. SCHMITZ
WELTMAN WEINBERG & REIS CO LPA
323 W Lakeside Avenue, Suite 200
Cleveland , OH 44113
Fax: 216-685-4345
Telephone: 216-685-1108
Email: ghicks@weltman.com
Telephone: 216-685-1103
Email: rtaftmilby@weltman.com
Telephone: 216-685-1106
Email: mschmitz@weltman.com

---

[35] Affidavit of Henry Abbott, President of CCC, at paragraph 37.

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2010, a copy of *PLAINTIFF/COUNTER-DEFENDANT COMMONWEALTH CAPITAL CORPORATION'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT* was filed electronically. Notice of this filing will be sent to all parties that have appeared by operation of the Court's Electronic filing system. Parties may access this filing through the Court's system.

/s/ George R. Hicks. Jr.
George R. Hicks, Jr.