**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **COMMONWEALTH CAPITAL CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **2:09-cv-00274 JWS** |
| **vs.** | ) ) | **ORDER AND OPINION** |
| **CITY OF TEMPE,** | ) ) | **[Re: Motion at Docket 83]** |
| **Defendant.** | ) ) ) | |

## I.  MOTION PRESENTED

At docket 83, plaintiff Commonwealth Capital Corporation ("CCC") moves to voluntarily dismiss its complaint pursuant to Federal Rule 41(a)(2).  Defendant City of Tempe ("Tempe") opposes the motion at docket 87.  CCC's reply is at docket 89.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This suit arises out of disputed ownership of the nodes constituting Tempe's city-wide Wi-Fi network.  The facts are set out in detail in the order at docket 65.  In that order, the court found that some of the nodes had been sold by NeoReach, Inc. ("NeoReach"), the company that owned and operated the network equipment pursuant

to a contract with Tempe, prior to their abandonment.  The items sold by NeoReach did not remain subject to an abandonment provision that would have converted ownership to Tempe.  The court therefore denied Tempe's motion for summary judgment on the issue of ownership.  The court granted CCC's motion for summary judgment in part, but only "to the extent that . . . the equipment sold by NeoReach . . . did not remain subject to the abandonment provision in Tempe's contract with NeoReach."[1]  The court found explicitly that "CCC ha[d] not established ownership of particular equipment in the city's Wi-Fi network."[2]

On February 28, 2011, a settlement conference was held.  It was unsuccessful. The parties' respective positions have now changed such that Tempe no longer seeks to establish that it owns the network equipment and CCC seeks to voluntarily dismiss its claim for replevin.

### III.  DISCUSSION

Under Federal Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order "before the opposing party serves either an answer or a motion for summary judgment."[3]  Otherwise, under Federal Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[4]

---

[1]Doc. 65 at 23–24.

[2]*Id.* at 24.

[3]Fed. R. Civ. P. 41(a)(1).

[4]Fed. R. Civ. P. 41(a)(2).

-2-

> If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under [Federal Rule 41(a)(2)] is without prejudice.[5]

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[6]

Here, not only has Tempe filed and served a motion for summary judgment but cross-motions for summary judgment have been resolved.[7]  Tempe has asserted counterclaims that can remain pending for independent adjudication.  Therefore, CCC's motion should be granted unless Tempe can show plain legal prejudice.

"Legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument."[8]  Neither "uncertainty because a dispute remains unresolved" nor uncertainty arising from "the threat of future litigation" constitutes plain legal prejudice.[9]

Tempe argues that CCC's motion should be denied because Tempe will be prejudiced insofar as claim or issue preclusion may affect resolution of a future dispute.[10]  As Tempe recognizes, a dismissal with prejudice would function as an

---

[5]*Id.*

[6]*Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[7]Doc. 65.

[8]*Smith*, 263 F.3d at 976 (internal quotations omitted).

[9]*Id.* (internal quotations omitted).

[10]Doc. 87 at 3.

adjudication on the merits.[11]  However, *res judicata* would likely not apply because CCC would itself be barred from raising the issue of its ownership of any equipment and, therefore, any future action would not involve the same parties.[12]  Moreover, only the issue of CCC's ownership–not Tempe's–would have been actually litigated for purposes of collateral estoppel.[13]  Therefore, Tempe's preclusion argument is not persuasive.

In other districts within the Ninth Circuit, "plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings as to prejudice defendant by waste of time and expense in preparation of defense."[14]  The present action was filed over two years ago.[15]  Tempe therefore has been defending the action for more than two years.  Trial is scheduled to begin in approximately two months.  Voluntary dismissal of CCC's action without prejudice to refiling would prejudice Tempe by waste of time and expense in defending the lawsuit. It is unclear whether CCC seeks a dismissal with or without prejudice.[16]  Regardless, a dismissal with prejudice would eliminate the possibility that Tempe would be subjected to future waste of time and expense at CCC's behest.

---

[11]*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeable with 'dismissal with prejudice.'").

[12]*See id.* (listing the elements of *res judicata*).

[13]*See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (listing the elements of collateral estoppel).

[14]*Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989).

[15]*See* doc. 1.

[16]CCC's motion is labeled "Plaintiff's Motion to Dismiss its Complaint With Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)."  Doc. 83 at 1.  The first and penultimate sentences of the motion indicate CCC is seeking a dismissal without prejudice.  *Id.* at 1, 8.

CCC has made clear that even if its motion is denied, "it does not intend on affirmatively submitting any witnesses, exhibits or other evidence at trial" to support its claim.[17]  CCC will not carry its burden at trial regardless of whether its claim for replevin survives its request for voluntary dismissal.  A voluntary dismissal with prejudice achieves the same result.  Accordingly, the court concludes that dismissal of CCC's complaint is appropriately conditioned on its being with prejudice.[18]

Tempe seeks additional conditions on the voluntary dismissal of CCC's complaint.  Tempe asks the court, for instance, to declare that CCC has abandoned any ownership claim it has as to the subject nodes, that Tempe is now the legal owner of the entire network, and that any order of dismissal does not preclude Tempe from attempting to prove CCC's ownership in the prosecution of its counterclaims.[19]  It is unnecessary for the court to condition the dismissal on CCC's abandonment of any ownership claim.  CCC will be precluded based on the doctrines of *res judicata* and collateral estoppel.  The court is disinclined to condition dismissal of CCC's complaint on Tempe's outright ownership of the entire network because that issue is unsettled. However, the court agrees that dismissal of CCC's complaint should not preclude Tempe from attempting to establish CCC's ownership of the network components when prosecuting its' unjust enrichment claim.  The court declines to adopt Tempe's other requested terms of dismissal.

---

[17]Doc. 83 at 4.

[18]*See* Fed. R. Civ. P. 41(a)(2).

[19]Doc. 87 at 3–4.

## IV.  CONCLUSION

For the reasons above, CCC's motion at docket 83 to voluntarily dismiss its complaint pursuant to Federal Rule 41(a)(2) is **GRANTED** as follows:

1) CCC's claims are **DISMISSED** with prejudice.

2) This dismissal does not constitute a finding on the merits that CCC does not own any nodes in the network for purposes of Tempe's pending counterclaims.

DATED this 18th day of March 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE