UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| COMMONWEALTH CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-00274 JWS |
| vs. | ) ) | ORDER AND OPINION |
| CITY OF TEMPE, | ) ) | [Re: Motions at Dockets 104, 110] |
| Defendant. | ) ) ) | |

## I.  MOTIONS PRESENTED

At docket 104, defendant City of Tempe ("Tempe") moves pursuant to Federal Rule 45(b)(2) for authorization to serve two trial subpoenas outside the district of Arizona. Plaintiff Commonwealth Capital Corporation ("CCC") opposes the motion at docket 114. Tempe's reply is at docket 128.

At docket 110, Tempe moves to preclude the testimony of Michael Greene, Charles Meyer, and Hugh Hallman as cumulative and for lack of foundation. CCC opposes the motion at docket 115. Tempe's reply is at docket 129.

Oral argument was not requested as to either motion and would not assist the court.

## II.  DISCUSSION

### A.  Motion at Docket 104

Tempe seeks authorization to serve trial subpoenas on Henry Abbott ("Abbott"), CCC's President and Director, and Richard Devlin ("Devlin"), CCC's Vice President and General Counsel.  CCC does not oppose issuance of the subpoena as to Abbott, but "reserves the right to file a motion to quash" on various grounds.[1]  CCC argues that Devlin's testimony should be precluded altogether because it will concern offers to compromise and privileged matters.[2]  CCC cites its pending motion *in limine* to preclude Devlin's testimony.[3]

#### 1. Rule 45(b)(2)

Tempe argues that subpoenas may be properly issued as to both witnesses, even though they are outside the District of Arizona and not within 100 miles of the courthouse, because they are officers of CCC.  The court agrees.  Federal Rule 45(b)(2) states that "[s]ubject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place . . . within the district of the issuing court [or] outside that district but within 100 miles of the place specified for the . . . trial."[4]  However, Rule 45(c)(3)(A)(ii) only requires a district court to quash or modify a subpoena that "requires a person who is *neither a party nor a party's officer* to travel more than 100 miles from where that person resides,

---

[1]Doc. 114 at 2–3.

[2]Doc. 114 at 2.

[3]*See* doc. 94.

[4]Fed. R. Civ. P. 45(b)(2)(A), (B).

is employed, or regularly transacts business in person."[5]  Rule 45(c)(3)(A)(ii) would be nonsensical if an officer of a party could not be served more than 100 miles from the location of the trial.[6]  Issuance of the subpoenas in question is not limited by Rule 45(b)(2).

### 2. Issuance of a Subpoena as to Richard Devlin

#### a. Attorney-Client Privilege

CCC argues that Devlin's testimony will concern privileged matters.  "[T]o be privileged, [a] communication must be made to or by the lawyer for the purpose of securing or giving legal advice, must be made in confidence, and must be treated as confidential."[7]  Attorney-client privilege therefore cannot function as a blanket prohibition on trial subpoenas of in-house counsel.  Although attorney-privilege may preclude some of Devlin's testimony, Tempe seeks to elicit information that is not privileged.  For instance, Devlin's letter to Tempe of February 4, 2008–which claims ownership of the subject nodes–was not confidential.[8]  In sum, "Tempe is not asking . . . Devlin to testify about confidential communications that he had with a client for the purpose of obtaining legal advice."[9]  Accordingly, the potential applicability of the attorney-client privilege is not a wholesale bar to issuance of a subpoena requiring Devlin to testify at trial.

---

[5] Fed. R. Civ. P. 45(c)(3)(A)(ii) (emphasis added).

[6] *See, e.g.*, *In re Vioxx*, 438 F. Supp. 2d 664, 666 (E.D. La. 2006).

[7] *Samaritan Foundation v. Goodfarb*, 862 P.2d 870, 874 (Ariz. 1993).

[8] Nor was it an offer to compromise.  The letter states that "CCC is currently evaluating its options."  *See* doc. 128 at 4.

[9] Doc. 128 at 7.

### b. Rule 408

CCC also argues that Devlin's testimony concerns offers to compromise, in violation of Federal Rule of Evidence 408. Rule 408 bars evidence of "furnishing or offering or promising to furnish . . . a valuable consideration in compromising or attempting to compromise the claim" when it is offered "to prove liability for, invalidity of, or amount of a claim."[10] Rule 408 is potentially applicable to exclude some of Devlin's testimony. However, Tempe's proposed bases do not all concern offers to compromise, and Tempe maintains that it only "intends to ask . . . Devlin about events that preceded the filing of CCC's complaint."[11] Finally, the mere fact that evidence of offers to compromise is admissible for certain uses–for instance, to negate a contention of undue delay–means that Rule 408 does not function as an automatic bar to issuance of a trial subpoena.

### c. Relevance, Prejudice, and Cumulativeness

CCC argues that a trial subpoena should not be authorized because Devlin's testimony–to the extent it does not concern privileged communications or offers to compromise–is irrelevant, unfairly prejudicial, and needlessly cumulative.[12] Tempe has presented several relevant bases of Devlin's testimony that do not involve privileged

---

[10] Fed. R. Evid. 408(a)(1).

[11] Doc. 128 at 7.

[12] Doc. 114 at 2; *see also* doc. 94 at 7.

communications or offers to compromise. Consequently, CCC's arguments are unconvincing.[13]

**B. Motion at Docket 110**

Tempe sought preclusion of the testimony of Michael Greene, Tempe Central Services Administrator, Charles Meyer, Tempe City Manager, and Hugh Hallman, Mayor of Tempe. In its reply brief, Tempe states that it no longer "object[s] to CCC calling Mr. Greene, Mayor Hallman, [or] Mr. Meyer at trial."[14] Consequently, Tempe's motion is moot.

### III.  CONCLUSION

For the reasons above, Tempe's motion at docket 104 for authorization to serve trial subpoenas for Henry Abbott and Richard Devlin is **GRANTED**. Tempe's motion at docket 110 to preclude the testimony of Michael Greene, Charles Meyer, and Hugh Hallman is **DENIED** as moot.

DATED this 1st day of April 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[13] Although CCC's claim that it would be forced to object continuously would be cause for concern, without a proper basis CCC would have no reason to object.

[14] Doc. 129 at 1–2.