UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| COMMONWEALTH CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-00274 JWS |
| vs. | ) ) | ORDER AND OPINION |
| CITY OF TEMPE, | ) ) | [Re: Motions at Dockets 106 and 108] |
| Defendant. | ) ) ) | |

### I.  MOTIONS PRESENTED

At docket 106, defendant City of Tempe ("Tempe") moves pursuant to Federal Rule 37(c)(1) to preclude the testimony of Lynn Franceschina ("Franceschina") and Timothy McCormick ("McCormick").  Plaintiff Commonwealth Capital Corporation ("CCC") opposes the motion at docket 121.  Tempe's reply is at docket 139.

At docket 108, Tempe moves *in limine* to limit the testimony of Henry Abbott ("Abbott") to the subject matter of a previously submitted affidavit.  CCC opposes the motion at docket 120.  Tempe's reply is at docket 140.

Oral argument was not requested and would not assist the court.

## II.  DISCUSSION

### A.  Motion at Docket 106

Tempe argues that Franceschina and McCormick should not be permitted to testify because CCC did not timely disclose the subject matter of discoverable information in their possession.  Federal Rule 26 states that "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[1]

Under Federal Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[2]

Rule 37(c)(1) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)."[3]  It "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion."[4]  The "harmless" exception in Rule 37(c)(1) "is needed to avoid unduly harsh penalties in a variety of situations" including "the failure to list as a trial witness a person so listed by another party."

---

[1] Fed. R. Civ. P. 26(a)(1)(A)(i).

[2] Fed. R. Civ. P. 37(c)(1).

[3] Fed. R. Civ. P. 37 advisory committee's note.

[4] *Id.*

CCC did not list Franceschina in its initial disclosures.[5] CCC did "reserve[] the right to call any . . . persons identified by the other parties to this action."[6] Franceschina was listed by MobilePro in its initial disclosures.[7] However, the information known to Franceschina and identified by MobilePro differs significantly from that identified by CCC in its witness list.[8] Tempe argues that, because the currently proposed subject matter of Franceschina's testimony was never disclosed, CCC should not be permitted to call her as a witness.

Because Franceschina was listed by MobilePro, her appearance as a witness at trial is not barred. However, Rule 37(c)(1) functions to preclude both witnesses and information. CCC never disclosed that Franceschina had information pertaining to identification of the nodes in Tempe's wireless network. Information regarding identification of the nodes is information that CCC "would expect to use" both at trial and on motion for summary judgment because identification of the nodes has been the paramount issue in this case.

Although CCC argues that Tempe did not conduct any discovery whatsoever, had it been disclosed that additional parties–such as Franceschina–had information

---

[5]Doc. 106-1 at 4–8.

[6]*Id.* at 8.

[7]*Id.* at 16–17.

[8]*Compare id. with* doc. 100 at 2–5. MobilePro indicated that Franceschina "may have knowledge of the negotiation, interpretation and meaning of the Master Lease Agreement . . . and related contracts, as well as the parties' attendant dealings." Doc. 106-1 at 16–17. CCC's witness list provides that "[a]mong other things, it is anticipated that Ms. Franceschina will testify about [CCC's] inability to identify specific nodes, if any, owned by [CCC] and affixed to electric utility facilities in Tempe; [and] that some nodes Tempe claims are owned by [CCC] might be affixed to poles located in Chandler, Arizona." Doc. 100 at 2.

regarding identification, Tempe might have.  Because identification has been the primary issue affecting all aspects of this case, CCC's failure to disclose that Franceschina had discoverable information as to identification of the nodes was not harmless.  Rule 37(c)(1) prevents CCC from presenting that information as evidence at trial.

CCC did not list McCormick in its initial disclosures.[9]  The court's scheduling and planning order of August 14, 2009, stated that "each party shall serve and file a final, revised witness list" and that "[o]nly those witnesses so disclosed will be permitted to testify at trial."[10]  McCormick was included on CCC's witness list of February 26, 2010, but neither the extent to which he had discoverable information nor the substance of his proposed testimony was conveyed.[11]  Tempe argues that CCC should not be permitted to call McCormick as a witness because the extent to which he had discoverable information was not disclosed until CCC filed its final revised witness list.  CCC's final witness list indicates that McCormick will testify as to, among other things, CCC's "inability to identify specific nodes, if any, owned by" CCC.[12]

Rule 26(a)(1) and Rule 37(c)(1) function independent from the court's scheduling and planning order.  While the court's order required disclosure of intended witnesses, Rule 26(a)(1) required disclosure of discoverable information.  Because CCC did not disclose that McCormick had discoverable information–in particular, discoverable

---

[9]Doc. 106-1 at 4–8.

[10]Doc. 28 at 2.

[11]Doc. 40 at 3.

[12]Doc. 100 at 12.

information as to identification and ownership of nodes in Tempe's network–his testimony is precluded by Rule 37(c)(1).

Tempe argues that both Franceschina and McCormick's testimony "will largely, but not entirely, be presented to impeach or otherwise rebut Tempe's evidence."[13] Rule 26 does not require disclosure only where use of the information or witness "would be *solely* for impeachment."[14]

### B. Motion at Docket 108

Tempe's motion to limit Abbott's testimony to the content of his affidavit is also based on Rule 37(c)(1). CCC did not identify Abbott in its initial disclosures. Abbott was identified as a potential witness by MobilePro. As discussed above in the context of Franceschina, Abbott is not precluded as a witness. Only the discoverable information identified by MobilePro, however, was initially disclosed and may be elicited at trial.

CCC also submitted the sworn affidavit of Abbott with its motion for summary judgment.[15] Tempe seeks to limit the scope of Abbott's testimony to the content of that affidavit. The court finds no authority for such limitation in Rule 37(c)(1). However, the court notes that the affidavit has been stipulated into evidence and is in the record. Any statements that contradict the affidavit will severely undermine Abbott's credibility and may constitute perjury.

---

[13] Doc. 121 at 4.

[14] Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

[15] Doc. 47-2.

### III.  CONCLUSION

For the reasons above, Tempe's motion at docket 106 is **GRANTED** in part and **DENIED** in part as follows: Franceschina may testify as to the information identified in MobilePro's initial disclosures; McCormick may not be called as a witness.

Tempe's motion at docket 108 is **GRANTED** in part and **DENIED** in part insofar as Abbott may testify as to the information identified in MobilePro's initial disclosures.

DATED this 7th day of April 2011.

/s/JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE