UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| COMMONWEALTH CAPITAL CORPORATION | ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-00274 JWS |
| vs. | ) ) | ORDER AND OPINION |
| CITY OF TEMPE, | ) ) | [Re: Motion at Docket 105] |
| Defendant. | ) ) | |

## I.  MOTION PRESENTED

At docket 105, defendant City of Tempe ("Tempe") moves *in limine* for an order deeming certain letters and emails admissible at trial.  Plaintiff Commonwealth Capital Corporation ("CCC") opposes the motion at docket 134.  Tempe's reply is at docket 159.

## II.  DISCUSSION

Tempe initially sought pre-trial rulings on the admissibility of thirty-nine exhibits. In its reply brief, Tempe clarifies that it only seeks rulings as to the admissibility of eight of those exhibits.[1]  CCC argues that the communications in question constitute

---

[1] Doc. 159 at 3.

inadmissible offers to compromise. Because the parties' contentions are not tailored to the exhibits in dispute, the court's ability to rule definitively on admissibility is limited.

Federal Rule of Evidence 408 applies to evidence of "offering . . . to furnish . . . a valuable consideration in compromising or attempting to compromise the claim" and "statements made in compromise negotiations regarding the claim."[2] Rule 408 bars such evidence when it is "offered to prove liability for [or] invalidity of . . . a claim that was disputed as to validity . . . or to impeach through a prior inconsistent statement or contradiction."[3]

Exhibit B is an e-mail from George Hicks ("Hicks"), CCC's counsel, to Cathy Bowman ("Bowman"), counsel for Tempe. The relevant portion of the e-mail states as follows: "If the City of Tempe would like to make a settlement offer for the nodes that would be preferred but my client does not intend to bid against itself for what it owns."[4] The statement does not offer to furnish a valuable consideration. The statement expressly declines to begin compromise negotiations. In context of the e-mail chain of which it is a part, the statement constitutes an invitation to begin compromise negotiations, but was not a part of compromise negotiations. Consequently, Rule 408 does not bar the e-mail labeled Exhibit B.

Exhibit M is a short e-mail from Bowman to Hicks that states, in relevant part: "Here is the pole report we discussed[.] I see about 102 units installed after June 30th.

---

[2] Fed. R. Evid. 408(a)(1), (2).

[3] Fed. R. Evid. 408(a).

[4] Doc. 105-1 at 6.

Also attached is a letter indicating that as of June 8, 2008, over 660 nodes have been installed."[5]  Without context the court is unable to rule on any aspect of Exhibit M's admissibility.

Exhibit N comprises two e-mails, one from Hicks to Bowman and a response from Bowman to Hicks.  The first e-mail concerns an extension of time to file a reply brief, and its relevance is unclear.  The second e-mail states, in pertinent part:

> We want to start to make some use of this system if possible. [T]here are 906 nodes in the system and according to your complaint and paperwork you are not staking a claim to that many nodes.  Please identify, by seriel [sic] number if possible, the nodes that you believe [CCC] has an interest in.  If you do not have seriel [sic] numbers, I would be interested in whatever method you are intending to use to show which nodes are allegedly yours.
> Sorry I have been swamped, but I hope to get the litigation moving.[6]

The last sentence indicates that the statement was not made in compromise negotiations, and the e-mail does not offer to furnish valuable consideration. Consequently, Rule 408 does not bar introduction of Exhibit N at trial.  No other definitive ruling can be made as to its admissibility.

Exhibit O is a follow-up to the second e-mail contained in Exhibit N.  Bowman asked Hicks whether CCC has "had a chance to consider [Tempe's] request for information."[7]  The e-mail is not barred by Rule 408, but no other determinations can be made as to its admissibility.

---

[5] *Id.* at 35.

[6] *Id.* at 37.

[7] *Id.* at 39.

Exhibit P is an e-mail from Bowman to Hicks and Stanley Lutz ("Lutz"), counsel for MobilePro. It requests, among other things, "[a] specific proposal from [CCC] of its proposed terms to resolve the ownership of system [sic] that can be shared with [the] Council,"[8] and "[t]he sale documents between JTA [Leasing] and Mobile pro [sic]."[9] The e-mail indicates that Tempe intended "to continue to effectively and efficiently litigate th[e] matter so that ownership of the nodes can be resolved."[10] The e-mail does not contain an offer to furnish consideration, and the statement regarding litigation suggests it was not made in compromise negotiations. Consequently, Exhibit P is not barred by Rule 408. No other rulings can be made as to its admissibility.

Exhibit Q is a follow-up to the Exhibit P– it is another e-mail from Bowman to Hicks and Lutz. The e-mail does not contain an offer to furnish consideration, and it was not sent as part of compromise negotiations. Rule 408 does not bar its admissibility, but no other determinations can be made.

Exhibit S is an e-mail from Bowman to Hicks. It preceded Exhibit B in a chain of communications. It states, in relevant part, "I am assuming that it is [CCC's] position that we are going to litigate this ownership / rent issue since we never received a proposal as to what your client had in mind."[11] Rule 408 does not apply, but no other determinations can be made.

---

[8]Presumably this means Tempe's City Council and not "counsel."

[9]Doc. 105-1 at 41–42.

[10]*Id.* at 42.

[11]*Id.* at 48.

Exhibit T is Bowman's response to Exhibit B. It states, in pertinent part, that "[i]n different documents [CCC] has laid claim to a varying subset of the equipment in this system but never to the whole system. Will we be seeing for the time [sic] in your response to our summary judgment motion the specific equipment identified that [CCC] claims to own?"[12] Because the e-mail contains no offer of consideration and was not made in compromise negotiations, Rule 408 does not apply. No other determinations can be made.

## V.  CONCLUSION

For the reasons above, Tempe's motion at docket 105 is **GRANTED** in part and **DENIED** in part as follows: It is granted insofar as Exhibits B, N, O, P, Q, S, and T are not barred by Federal Rule of Evidence 408. It is denied to the extent that this order does not constitute a ruling as to any other aspects of those exhibits' admissibility.

DATED this 14th day of April 2011.

                                         /s/ JOHN W. SEDWICK
                                         UNITED STATES DISTRICT JUDGE

---

[12] *Id.* at 50.