UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| COMMONWEALTH CAPITAL CORPORATION | ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-00274 JWS |
| vs. | ) ) | ORDER AND OPINION |
| CITY OF TEMPE, | ) ) | [Re: Motions at Dockets 120 & 121] |
| Defendant. | ) ) | |

## I.  MOTIONS PRESENTED

At docket 120, plaintiff Commonwealth Capital Corporation ("CCC") moves *in limine* to preclude David Heck ("Heck"), Richard Devlin ("Devlin"), Tad Neeley ("Neeley") and Graeme Gibson ("Gibson") from testifying as to subjects not previously disclosed. Defendant City of Tempe ("Tempe") opposes the motion at docket 139.  CCC's reply is at docket 158.

At docket 121, CCC moves *in limine* to preclude the testimony of Andrew Ching ("Ching") and Jenae Naumann ("Naumann").  Tempe opposes the motion at docket 140. CCC's reply is at docket 158.

Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

In the order at docket 150, the court granted in part and denied in part Tempe's motions to preclude the testimony of Lynn Franceschina ("Franceschina"), Timothy McCormick ("McCormick"), and Henry Abbott ("Abbott") pursuant to Federal Rule 37(c)(1).  The court determined that McCormick could not be called as a witness because it was not disclosed that he had discoverable information regarding identification of the equipment in Tempe's network as required by Rule 26(a)(1).  For the same reason, the court limited Franceschina and Abbott's testimony to the subject areas identified in MobilePro's initial disclosures.

## III.  DISCUSSION

Under Federal Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[1]

Rule 37(c)(1) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a)."[2]  It "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion."[3]  The "harmless" exception in Rule 37(c)(1) "is needed to avoid unduly

---

[1] Fed. R. Civ. P. 37(c)(1).

[2] Fed. R. Civ. P. 37 advisory committee's note.

[3] *Id.*

harsh penalties in a variety of situations" including "the failure to list as a trial witness a person so listed by another party."

In its motion at docket 120, CCC argues that Tempe did not include the subject matter of Heck, Devlin, Gibson, or Neeley's testimony in its initial or supplemental disclosures and therefore that their testimony should be barred. In its motion at docket 121, CCC argues that Tempe failed to disclose Ching and Naumann as witnesses, that no party disclosed the subject matter of their testimony, and therefore that their testimony should be barred.

**A. Motion at Docket 120**

Heck, Devlin, and Gibson were included in CCC's initial disclosures.[4] Neeley was included in MobilePro's initial disclosures.[5]

CCC argues that Heck's testimony should be limited to information that was initially disclosed. Because no subject matter was initially disclosed, presumably CCC believes that Heck's testimony is barred altogether, despite its acknowledgment to the contrary.[6] The proposed content of Heck's testimony concerns relevant background information regarding the network.[7] Non-disclosure of that information in Tempe's initial disclosures was harmless.

---

[4]Doc. 106-1 at 4, 5, 7.

[5]*Id.* at 17–18. Devlin and Gibson were also included in MobilePro's initial disclosures. *Id.* at 15–16, 17.

[6]Doc. 158 at 7.

[7]Doc. 112 at 1–6.

CCC argues that the testimony of Devlin, Neeley, and Gibson should be limited to the information identified in MobilePro's initial disclosures. CCC maintains that "[a] review of Tempe's Witness List . . . reveals that it wants to expand the[ir] testimony far beyond" what MobilePro identified.[8]

The proposed subject matter of Devlin's testimony concerns CCC's conduct prior to the lawsuit.[9] As extensively discussed in previous orders, some of Devlin's proposed testimony may compromise the attorney-client privilege or contravene Federal Rule of Evidence 408. However, non-disclosure of that information was harmless because that information is consistent with CCC's position prior to the voluntary dismissal of its complaint. Non-disclosure of that information was also substantially justified to the extent it was not relevant prior to voluntary dismissal of CCC's complaint.

Tempe intends for Neeley to testify regarding a proposed sale of the nodes from CCC to Telscape.[10] Although Tempe's witness list is more detailed, the information that Tempe seeks to elicit from Neeley is encompassed in MobilePro's initial disclosure.[11] Even if it were not, non-disclosure of that information was harmless and substantially justified–Rule 37(c)(1) is intended to induce disclosure of information that a party would expect to use at trial, and Tempe would not have expected to use that information prior to voluntary dismissal of CCC's complaint.[12]

---

[8] Doc. 158 at 9.

[9] Doc. 101 at 12–13.

[10] *Id.* at 13–15.

[11] *Compare id. with* doc. 106-1 at 17–18.

[12] Fed. R. Civ. P. 37 advisory committee's note.

The subject matter of Gibson's proposed testimony concerns a proposed deal between his former company–Computer and TeleComm., Inc.–and several other parties including CCC. As with Neeley, the substance of Gibson's proposed testimony is encompassed in MobilePro's initial disclosure.[13] Non-disclosure of that information was also harmless and substantially justified insofar as Tempe would not have expected to use that information at trial until relatively recently.

**B. Motion at Docket 121**

Ching and Naumann were included in CCC's initial disclosures.[14] CCC argues that because it did not identify the information in Ching or Naumann's possession, that a straightforward application of the reasoning in the order at docket 150 precludes their testimony. CCC ignores critical aspects of the court's reasoning.

Rule 37(c)(1) does not preclude information that was not disclosed where non-disclosure was "substantially justified or is harmless."[15] The information that CCC may not present through Franceschina, McCormick, or Abbott concerned identification of that equipment–" the primary issue affecting all aspects of this case."[16] Consequently, non-disclosure of that information was not harmless. By contrast, the proposed subject matter of Ching and Naumann's testimony does not pertain to identification of the equipment in Tempe's network. CCC anticipated the subject matter of Ching's

---

[13]*Compare* doc. 101 at 15–16 *with* doc. 106-1 at 17.

[14]Doc. 106-1 at 4, 5.

[15]Fed. R. Civ. P. 37(c)(1).

[16]Doc. 150 at 4.

-5-

proposed testimony.[17]  Naumann's proposed testimony generally concerns negotiation of Tempe's contract with MobilePro, CCC's lawsuit against Tempe, and the fair market rental value of city property.  Non-disclosure of information concerning negotiation of the contract and rental values was harmless.  Non-disclosure of her knowledge of CCC's lawsuit against Tempe was substantially justified because it was not expected that Tempe would rely on that information at trial until CCC voluntarily dismissed its complaint.

### IV.  CONCLUSION

For the reasons above, CCC's motion at docket 120 to limit the testimony of Heck, Devlin, Neeley, and Gibson pursuant to Federal Rule 37(c)(1) is **DENIED**.  CCC's motion at docket 121 to preclude the testimony of Ching and Naumann is **DENIED**.

DATED this 15th day of April 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[17] *Compare, e.g.*, doc. 47-12 at 7, 19 *with* doc. 101 at 17.