UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| COMMONWEALTH CAPITAL CORPORATION, | |
| Plaintiff, | 2:09-cv-00274 JWS |
| vs. | ORDER AND OPINION |
| CITY OF TEMPE, | [Re: Motions at Docket 222] |
| Defendant. | |

## I. MOTION PRESENTED

At docket 222, plaintiff Commonwealth Capital Corporation ("CCC") moves to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1); for amendment of the court's findings pursuant to Rule 52(b); for judgment as a matter of law pursuant to Rule 50(b); or for remittitur or a new trial pursuant to Rule 59. A supporting memorandum is at docket 224. Defendant City of Tempe ("Tempe") opposes the motions at docket 225. CCC's reply is at docket 229. Oral argument was not requested but would not assist the court.

## II. BACKGROUND

This case was tried before the court and an advisory jury in May 2011. The jury returned an advisory verdict in Tempe's favor on Tempe's counterclaim for unjust enrichment. The jury found an award of $1,808,904 to be appropriate. After the jury returned its advisory verdict, the court denied CCC's pending motion for judgment as a matter of law and then heard from both sides on the appropriateness of the advisory verdict.[1] The court then discussed the three most controversial elements of Tempe's counterclaim and explained why it decided to have judgment entered in accord with the jury's advisory verdict.[2] The present motions challenge the sufficiency of the court's findings.

## III. DISCUSSION

**A. Motion to Set Aside the Judgment**

CCC is correct that the judgment erroneously states that it was entered pursuant to a jury verdict.[3] That error is correctable under Rule 60(a) and does not require setting aside the judgment.[4] The thrust of CCC's motion is that the findings on the record are insufficient. Rule 52(a) states that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its

---

[1] Doc. 210 at 5–8.

[2] *Id.* at 8–10.

[3] *See* doc. 207 at 1.

[4] Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record.").

conclusions of law separately."[5]  However, "[t]he findings and conclusions may be stated on the record after the close of evidence."[6]  Here, the court stated its findings and conclusions on the record after the jury returned its advisory verdict.

The primary purpose of "Rule 52(a) is to aid the appellate court's understanding of the basis of the trial court's decision."[7]  "This purpose is achieved if the district court's findings are sufficient to indicate the factual basis for its ultimate conclusions."[8]

The court did not iterate its findings of fact with respect to two elements of Tempe's counterclaim.  However, the court was aware that absence of justification for the enrichment and benefit and the absence of any remedy at law were necessary elements.[9]  The court has concluded that an appellate court would have no difficulty determining the basis for the court's decision with respect to those elements. Consequently, it is not necessary to set aside the judgment.  The court's conclusions are supported by the discussion that follows.

**B. Motion for Amended Findings of Fact**

Although styled as a motion for amendment of the court's findings, CCC contends that there was insufficient evidence to support each of the elements of unjust enrichment.  CCC is essentially asking the court to revisit the bases of its judgment.

---

[5] Fed. R. Civ. P. 52(a)(1).

[6] *Id.*

[7] *See Vance v. Am. Hawaii Cruises*, 789 F.2d 790, 792 (9th Cir. 1986).

[8] *Id.*

[9] *See Magna Weld Sales Co. v. Magna Alloys & Research Party*, 545 F.2d 668, 671 (9th Cir. 1976).

With respect to the first element of unjust enrichment–a benefit to Commonwealth–the court stated that Commonwealth had "the opportunity to try and recoup everything that it wanted to get out of this deal by keeping . . . the equipment on the . . . light poles."[10] In other words, CCC's nodes were more valuable affixed to the poles, as a network. With respect to the second–a detriment to Tempe–the court found that Tempe "was unable to reach any sort of resolution with people who came to the table offering to keep the system up and running" as a consequence of CCC's behavior.[11] The court concludes that those findings are adequate insofar as an appellate court would understand their factual basis. The connection between the two is self-evident and an appellate court would have no difficulty understanding the basis for that implicit finding.

CCC argues that there was no absence of justification because "[t]he evidence presented at trial demonstrated that [CCC] sought to remove its nodes, and that [Tempe] refused to issue a permit" allowing CCC to do so.[12] The evidence at trial was conflicting–although the testimony of Henry Abbott indicated that CCC sent an electric company out to "recover the assets,"[13] the testimony of David Heck indicated that the electric company sought a permit to remove nodes it could not identify.[14] CCC was

---

[10]Doc. 210 at 8.

[11]*Id.* at 9.

[12]Doc. 224 at 10.

[13]Doc. 203 at 32.

[14]Doc. 211 at 71.

unable to identify the nodes it owned at summary judgment.[15]  Moreover, the court's reference to CCC's behavior[16] provides an adequate basis for any necessary inference as to the basis of the court's implicit finding.[17]

CCC argues that Tempe did not prove the absence of a remedy at law.  Tempe responds by quoting its trial brief and citation to authority supporting the proposition that there is no action for trespass until an unconditional demand for removal has been made. CCC takes issue with Tempe's response insofar as Tempe's arguments do not constitute a finding by the court.  Although there was no explicit finding made as to this element, in the context of a potential trespass claim, there was *no other basis* for finding that element met.  Tempe was seeking to recover for the time period between May 2008 and October 2008; during that period, the nodes were properly in place on Tempe's light poles pursuant to Tempe's contract with Gobility and there was no unconditional demand for removal.  Consequently, there was no trespass and the court's rationale would be clear to a reviewing court.

CCC argues that the court's findings with respect to the amount of the award are inadequate insofar as Tempe did not prove that $450 per node per month was the fair market rental value.  The court's discussion after the jury returned its advisory verdict noted the difficulty of this issue.[18]  More importantly, the court's discussion illustrated why the situation was unique–the use of fewer poles made the poles more valuable

---

[15]Doc. 65.

[16]Doc. 210 at 9.

[17]*See Magna Weld*, 545 F.2d at 671.

[18]Doc. 210 at 9.

rentals than they would be in the context of a hard-wired network–and consequently why the lower figures were inadequate. CCC is concerned that "it is impossible to determine for which 6-month period damages were awarded."[19] It is abundantly clear from the record that Tempe's damages were based on the period from May 2008 through October 2008.

Finally, "[f]ailure to comply with Rule 52(a) does not require reversal unless a full understanding of the question is not possible without the aid of separate findings."[20] Even if the court's discussion at the close of evidence were not adequate, additional findings are not needed to aid a full understanding of the questions in this case.

**C. Motion for Judgment as a Matter of Law**

CCC's alternative motion for judgment as a matter of law is based on the arguments advanced in support of its motion for amended findings of fact. The court has determined that those arguments are without merit.

**D. Motion for Remittitur**

CCC moves for remittitur or a new trial pursuant to Rule 59. For the same reasons that the court found the $450 per pole per month figure appropriate, it declines to order either.

---

[19]Doc. 229 at 3.

[20]*Vance v. Am. Hawaii Cruises*, 789 F.2d 790, 792 (9th Cir. 1986).

## IV.  CONCLUSION

For the reasons above, CCC's motions at docket 222 are **DENIED**.  The Clerk will please amend the entry of judgment at docket 207 to reflect that the case was tried before the court.

DATED this 25th day of August 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE